UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SATISH KUMAR BANUKUMAR,<br>Plaintiff,<br>v.<br>ALEJANDRO N. MAYORKAS, et al.,<br>Defendants. | Case No. 23-cv-04104-BLF<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO REMAND**<br><br>[Re: ECF No. 12] |

On August 12, 2023, Plaintiff Satish Kumar Banukumar petitioned the Court for de novo review of his application for naturalization pursuant to 8 U.S.C. § 1447(b). ECF No. 1 ("Compl."). On October 30, 2023, Defendants filed a Motion to Remand the matter to USCIS, asserting that the agency is prepared to adjudicate Mr. Banukumar's application for naturalization within fifteen days of remand. ECF No. 12 ("Mot."). Mr. Banukumar filed an opposition, ECF No. 16 ("Opp."), and Defendants filed a reply. ECF No. 19 ("Reply"). This matter is suitable for determination without oral argument. *See* Civ. L.R. 7-1(b). For the reasons set forth below, Defendants' Motion to Remand is GRANTED.

**I.    BACKGROUND**

Plaintiff Satish Kumar Banukumar is a male national of India and is not a citizen of the United States. Compl. ¶ 5. He has applied to USCIS for naturalization to United States citizenship. *Id.* Mr. Banukumar was lawfully admitted for permanent residence in the United States on May 4, 2015, more than five years prior to his application for naturalization. *Id.* ¶ 11. He adjusted to lawful permanent resident status based on an approved employer petition for him as a professional holding an advanced degree. *Id.* Mr. Banukumar has one misdemeanor conviction for disturbing the peace in violation of California Penal Code (PC) § 415(1), which resulted from a

1   public altercation with his wife on May 10, 2020. *Id.* ¶ 14.

2   Mr. Banukumar filed an application for naturalization with USCIS on March 25, 2022. *Id.*
3   ¶ 9. USCIS scheduled Mr. Banukumar for examination on his naturalization application on
4   November 22, 2022. *Id.* ¶ 16. On January 18, 2023, USCIS issued a Notice of Continuance to
5   Mr. Banukumar that requested records for the disposition of his arrest on May 10, 2020, and
6   further requested that he "include protective orders, orders of no contact, and peaceful contact
7   orders and how those orders were complied with." *Id.* ¶ 17. USCIS has not yet adjudicated Mr.
8   Banukumar's application for naturalization. *Id.* ¶ 18. Mr. Banukumar alleges that "[t]he only
9   reason that USCIS has given for the delay is that it is waiting to retrieve a file from storage." *Id.*

## II. LEGAL STANDARD

To obtain U.S. citizenship, an applicant must satisfy several requirements, including the requirement of establishing that they are "a person of good moral character." 8 U.S.C. § 1427(a); 8 C.F.R. § 316.2(a)(7). Before granting a naturalization application, USCIS must conduct a personal investigation of the applicant consisting of, at a minimum, review of all pertinent records. *See* 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1. If USCIS fails to adjudicate a naturalization application within 120 days after the date on which the agency's examination is conducted, an applicant may obtain a hearing in district court. *See* 8 U.S.C. § 1447(b). "Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter." *Id.* The "examination" referred to in Section 1447(b) is the initial interview scheduled under 8 U.S.C. § 1446. *See United States v. Hovsepian*, 359 F.3d 1144, 1151-52 (9th Cir. 2004).

## III. DISCUSSION

Over 120 days have passed since Mr. Banukumar's naturalization interview on November 22, 2022. Compl. ¶ 16; Opp. at 3; Reply at 3-4. Therefore, under Section 1447(b), the Court has jurisdiction to either determine or remand the matter.

"Although district courts have jurisdiction to decide applications for naturalization, the vast majority of courts remand these matters to the USCIS to decide in the first instance whether to grant or deny citizenship." *Maniulit v. Majorkas*, No. 3:12-CV-04501-JCS, 2012 WL 5471142,

at *3 (N.D. Cal. Nov. 9, 2012). Courts remand naturalization applications to USCIS in deference to the agency's expertise in investigation, fact-finding, and adjudication of applications for naturalization. *See, e.g.*, *id.* ("The executive branch is in a better position than this Court to decide [the p]laintiff's application for [naturalization].") (citing *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 17 (2002)); *Deng v. Chertoff*, No. C 06-7697 SI, 2007 WL 1501736, at *1 (N.D. Cal. May 22, 2007) ("The Court finds it appropriate to remand this action to USCIS because that agency has considerably more expertise than the Court in adjudicating naturalization petitions."); *Reddy v. Mueller*, 551 F. Supp. 2d 952, 953 (N.D. Cal. 2008) ("Since USCIS processed [the p]laintiff's application, conducted his interview and orchestrated his background investigation . . . USCIS is the government entity best equipped to adjudicate [his] application.").

Defendants ask the Court to remand so that USCIS can promptly adjudicate Mr. Banukumar's application. Specifically, Defendants represent in their motion that "USCIS is prepared to complete adjudication of Plaintiff's naturalization application by issuing a decision within fifteen days of the Court's order remanding this case to USCIS." Mot. at 1.

Despite Defendants' proposal, Mr. Banukumar argues that the delay was needless and expresses concern that remand will lead to further delay if USCIS denies his naturalization application and he is forced to exhaust his administrative remedies before returning to this Court again. Opp. at 9-10. Mr. Banukumar relies on *Yith v. Nielsen*, where the court refused to remand because it would "create another administrative hurdle for [p]laintiffs who have already been [] subject to long delays." 343 F. Supp. 3d 938, 950 (E.D. Cal. 2018).

Mr. Banukumar also argues that this Court cannot properly remand "with appropriate instructions" because "Defendants have withheld the results of their investigation and their position on Mr. Banukumar's eligibility," and suggests that "[a]ppropriate instructions might include, according to the Ninth Circuit, ordering the agency 'to adopt the court's fact-finding and conclusions.'" Opp. at 6 (quoting *Hovsepian*, 359 F.3d at 1160-61). He also asserts that Defendants' motion to remand is premature because they "have not given the Court sufficient information to determine what instructions are appropriate" for remand. Opp. at 2.

Defendants reply that the length of delay here is not unusual, especially given their

1   additional investigation into Mr. Banukumar's moral character.  Reply at 3.  Defendants add that if
2   "Plaintiff had accepted Defendants' offer to take final adjudicative action within fifteen days of
3   remand and stipulated to a remand at that time, Plaintiff's N-400 application would be resolved
4   before the completion of briefing on Defendants' motion to remand." *Id.*

5         The Court finds that Defendants' remand proposal is the appropriate remedy.  Fact-finding
6   by the Court would require months of additional litigation, and the Court sees no reason why it
7   should start its own investigation from scratch when USCIS can complete its investigation in
8   fifteen days.  Even taking as true Mr. Banukumar's allegation that delay to this point has been
9   needless, further litigation here would only add further delay while remand guarantees swift
10  adjudication.  Furthermore, *Yith* is distinguishable because the plaintiff's application had been
11  pending for more than three years, USCIS had previously issued a notice of intent to deny
12  naturalization, and USCIS had represented to the court three years earlier that it would make a
13  naturalization decision within 120 days of the interview.  343 F. Supp. 3d at 948-49 & n.11.  None
14  of those issues are present in the instant case.  Finally, any concern about the length of the
15  administrative review process (should Mr. Banukumar's application be denied by USCIS) is not
16  properly before this Court.

17        Also, Mr. Banukumar's argument that this Court cannot properly remand "with appropriate
18  instructions" fails.  Courts can remand "with appropriate instructions" to adjudicate according to a
19  court-imposed deadline.  *See Namgyal v. Jaddou*, No. 23-CV-02856-LJC, 2023 WL 6181641
20  (N.D. Cal. Sept. 21, 2023) (remanding and ordering adjudication within thirty days); *cf. Deng*,
21  2007 WL 1501736, at *2 (remanding and ordering adjudication "as soon as possible after the
22  agency receives the results of the FBI name check").  Furthermore, courts are not required to
23  conduct additional fact-finding.  *See* 8 U.S.C. § 1447(b) (providing that the Court can remand to
24  the agency "to determine the matter"); *Namgyal*, 2023 WL 6181641, at *4 (rejecting plaintiff's
25  request for a court order compelling USCIS to grant the N-400 application because "such relief is
26  not consistent with its statutory authority").  And Mr. Banukumar cites no authority requiring
27  Defendants to share the "results of their investigation" with this Court.  Thus, the Court may
28  remand with instructions for USCIS to adjudicate the application within fifteen days.

Remand best serves judicial economy and permits USCIS to apply its expertise in adjudicating naturalization applications.  Given Defendants' representation that they can adjudicate Mr. Banukumar's application in fifteen days, remand also delivers Mr. Banukumar the fastest and most efficient adjudication of his application.  Remanding Mr. Banukumar's naturalization application to USCIS for determination in the first instance is the most appropriate way to proceed.

## IV. ORDER

For the foregoing reasons, Defendants' Motion to Remand is GRANTED.  USCIS is hereby ORDERED to adjudicate Mr. Banukumar's application for naturalization within fifteen days of this Order.  The Clerk SHALL administratively close the case.  This is an internal procedure that does not affect the substantive rights of the parties.  The parties may request that the case be reopened, if necessary.

Dated: December 5, 2023

_____
BETH LABSON FREEMAN
United States District Judge